UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

WAYLON JAMES PEGO,

        Petitioner,                        Case No. 12-cr-20299

v.                                             Honorable Thomas L. Ludington

UNITED STATES OF AMERICA,

        Respondent.

_____/

**ORDER OVERRULING OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION, DENYING MOTION TO VACATE SENTENCE UNDER 28 U.S.C. § 2255, DENYING CERTIFICATE OF APPEALABILITY, AND DENYING PERMISSION TO APPEAL IN FORMA PAUPERIS**

On February 28, 2013, Defendant-Petitioner Waylon James Pego was sentenced to 360 months of imprisonment after being convicted on 16 counts, including unlawful imprisonment, assault with a dangerous weapon, and aggravated sexual abuse. ECF No. 45. Pego appealed to the Sixth Circuit, and his conviction was affirmed. ECF No. 54. On July 6, 2015, Pego filed a motion to vacate his sentence under 28 U.S.C. § 2255. ECF No. 57. That motion was referred to Magistrate Judge Patricia Morris. ECF No. 62. On February 12, 2016, Judge Morris issued a report recommending that Pego's motion to vacate be denied. ECF No. 70. Pego filed objections to the report and recommendation on February 26, 2016. Pursuant to a de novo review of the record, Pego's objections will be overruled, the report and recommendation will be adopted, and Pego's motion to vacate will be denied.

**I.**

Neither party has objected to the summary of facts contained in the Magistrate Judge's report and recommendation. Accordingly, they will be adopted as if fully restated herein.

**II.**

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's report and recommendation. *See* Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources

rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id*. Petitioner now raises five objections to the magistrate judge's order.

**A.**

First, Pego argues that Judge Morris improperly found that no evidentiary hearing was required in this case. Pego particularly objects to Judge Morris's reliance on *Arredondo v. United States* for the conclusion that no evidentiary hearing was required. 178 F.3d 778 (6th Cir. 1999). As the Magistrate Judge properly explained, no evidentiary hearing is required under § 2255 if the "petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Id.* at 782 (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir.1995)). Pego quotes the next sentence from *Arredondo* as supporting the need for an evidentiary hearing: "Where . . . the judge considering the § 2255 motion also conducted the trial, the judge may rely on his or her recollections of the trial." *Id.* Pego argues that because Judge Morris did not conduct the trial, because she made errors of law, and because the grand jury testimony is absent from the record, an evidentiary hearing is required. However, this Court did conduct the trial and concludes, after an independent review of the record, that no evidentiary hearing is necessary. Because the record conclusively shows that Pego is not entitled to relief, no evidentiary hearing is necessary.

**B.**

Pego next objects to Judge Morris's rejection of his argument that his counsel was ineffective for not investigating whether the neighbors of Pego's victims might have witnessed the alleged attacks. In his motion, Pego referenced the grand jury testimony of Rachel Davila, a neighbor of one of Pego's victims. Judge Morris noted that she did "not currently have access to Davila's grand jury testimony due to the 'long-established policy that maintains the secrecy of

the grand jury proceedings in federal courts.'" Rep & Rec. at 8 (quoting *Dennis v. United States*, 384 U.S. 855, 869 (1966)). However, Judge Morris further stated that "even if Pego's claims regarding Davila's testimony are fully credited, it does not prove that he received ineffective assistance of counsel. Davila's testimony that she did not hear or see Pego's assaults of T.H. provides nothing substantive." *Id.* Thus, regardless of whether Ms. Davila's grand jury testimony was already in the record, Ms. Davila's testimony is insufficient to substantiate Pego's argument that he received ineffective assistance of counsel. As Judge Morris noted, "[a]n attorney is not required to raise every colorable argument for his or her assistance to be effective." *Id.* (citing *Jones v. Barnes*, 463 U.S. 745, 753 (1983). And any uncertainty that Ms. Davila might have expressed during her grand jury testimony is far outweighed by the other evidence of Pego's guilt. Accordingly, the decision by Pego's counsel to not raise this argument was not ineffective.

## C.

Third, Pego objects to Judge Morris's rejection of his argument that Pego's trial counsel should have challenged the jurisdictional propriety of his indictment. Pego is arguing that because the extent of the Saginaw Chippewa Indian Tribe's reservation was established by treaty and thus is nontaxable, his indictment was extra-jurisdictional. Pego's objection to Judge Morris's decision on this point is largely a restatement of the arguments he made in his original motion. Pego attempts to distinguish the cases that Judge Morris cited by arguing that they apply only to Indian reservation lands made alienable by statute, not by treaty. He argues that, because the Isabella Reservation was established by treaty, the land is not taxable. Even if that legal proposition is true, however, this Court would still have jurisdiction over Pego's case. As Judge Morris explained, "even though a patent has issued, making the land alienable and thus taxable by the state or local government, . . . the land within reservation boundaries remains Indian

County that this court may properly exercise jurisdiction over crimes committed on such land." *Id.* at 9 (citing 18 U.S.C. § 1151). Conversely, if the reservation is not taxable, § 1151 makes clear that the United States Government's jurisdiction still extends to "all land within the limits of any Indian reservation." The propriety of state taxation of reservation land is a distinct legal issue from federal criminal jurisdiction. Pego has not challenged Judge Morris's finding that his offenses occurred inside the bounds of the Isabella Reservation. Rep. & Rec. at 10. For that reason, Pego's counsel was not ineffective for not raising this argument. To the extent Pego is challenging the authority of the State of Michigan to collect taxes on Isabella Reservation land, a motion to vacate a sentence under § 2255 is not a proper vehicle to litigate that claim.

**D.**

Fourth, Pego argues that Judge Morris erred by rejecting his argument that his indictment was unconstitutional because it included many counts of sexual assault but not specific factual information for each count. Although Pego was initially charged with eighteen counts of aggravated sexual assault, sixteen of those counts were dropped. *Id.* at 13. Pego was only convicted of the remaining two counts at trial. *Id.* He argues that "the complaining witness's testimony [is] the **only** basis for the two remaining counts. . . . No physical evidence exists, and there are no corroborating witnesses to any offense conduct or the number of incidents." Objections at 10, ECF No. 71 (emphasis in original). Because "no details differentiating the two remaining incidents was ever offered," Pego argues that he was exposed to double jeopardy. *Id.* Judge Morris addressed this very argument. After noting that victim T.H. testified that Pego had sexually assaulted her on two occasions several weeks apart, Judge Morris reasoned that a several week separation is sufficient to support multiple counts of criminal conduct, citing *United States v. Tom*, 961 F.2d 217 (9th Cir. 1992). In *Tom*, the court upheld an indictment

alleging four counts of sexual assault when the defendant assaulted the victim four times in four different locations in the course of a single extended attack. *Id.* at *1. In comparison, Pego's two attacks over a several week period is clearly sufficient to justify two separate counts.

Additionally, the jury was entitled to rely on the testimony of T.H. despite the lack of corroborating physical or testamentary evidence. Because the jury found that T.H.'s testimony was credible, no additional evidence was necessary. And although Pego argues that the cases Judge Morris cited should be distinguished because they dealt with child abuse cases, Pego has not provided cases outside that context which support his argument that the evidence presented here was insufficient to support two separate counts. More importantly, Pego has not shown that his counsel's decision to not raise this argument, given the uncertain legal support for it, constituted ineffective assistance of counsel.

**E.**

Pego finally objects to Judge Morris's conclusion that his counsel was not ineffective for refusing to impeach T.H. for inconsistent testimony. T.H.'s grand jury testimony formed the basis for sixteen counts of aggravated sexual abuse, while T.H.'s trial testimony concerned only two counts. Judge Morris noted that attempts to impeach T.H.'s inconsistent testimony might have resulted in testimony about the other alleged incidents, meaning that the decision by Pego's trial counsel to not question T.H. on the inconsistency was reasonable. Pego argues that he would have faced the same length of sentence regardless of whether he was convicted on all eighteen counts or only on two counts. Even if that were true, Pego's counsel might have reasonably concluded that testimony about additional sexual assaults would have dramatically harmed Pego's chances of prevailing at trial on any of the counts. Pego's trial counsel was not ineffective for refusing to impeach T.H. regarding her inconsistent testimony.

### III.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Id*.

Having considered the matter, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability is not warranted in this case. The Court further concludes that Petitioner should not be granted leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

### IV.

Accordingly, it is **ORDERED** that Petitioner Waylon James Pego's objections to the report and recommendation, ECF No. 71, are **OVERRULED.**

It is further **ORDERED** that the Magistrate Judge's report and recommendation, ECF No. 70, is **ADOPTED.**

- 8 -

It is further **ORDERED** that Petitioner Waylon James Pego's Motion to Vacate, ECF No. 57, is **DENIED** and **DISMISSED**.

It is further **ORDERED** that a certificate of appealability is **DENIED**.

It is further **ORDERED** that leave to proceed *in forma pauperis* on appeal is **DENIED**.


Dated: November 1, 2016                    s/Thomas L. Ludington
                                           THOMAS L. LUDINGTON
                                           United States District Judge


PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 1, 2016.

                              s/Michael A. Sian
                              MICHAEL A. SIAN, Case Manager